UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN SAGARIA,

                        Plaintiff,

-against-

THE ORANGE COUNTY JAIL, THE ORANGE
COUNTY SHERIFF'S DEPARTMENT, and THE
COUNTY OF ORANGE, STATE OF NEW YORK,

                        Defendants.
-------------------------------------------------------------X

**VERIFIED COMPLAINT AND JURY DEMAND**

Docket No.:

The Plaintiff, by and through his attorneys, METH LAW OFFICES, PC, brings this action against the Defendants for wrongful incarceration, and psychological and physical damages due to the Defendants' unlawful actions described herein below. The Plaintiff respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, and the Eighth Amendment to the United States Constitution.

2. The claims arise from a December 2018 incident in which employees of the Orange County, New York Sheriff's Department, the Orange County Jail, and Orange County Supreme Court, acting under the color of law, intentionally, willfully, arbitrary and capriciously subjected the Plaintiff to false imprisonment and excessive fines.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

4. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

5. Venue is within the United States District Court for the Southern District of New York in that the Defendants are located within, and the events giving rise to the claim occurred within, the boundaries of the Southern District of New York.

## PARTIES

6. At all times hereafter mentioned, Plaintiff John Sagaria is a legal resident of the Untied States and resides at 693 Lakes Road, Monroe, New York 10950.

7. At all times hereafter mentioned, upon information and belief, the Defendant, the County of Orange, State of New York (or the "County") is a municipal corporation organized under the laws of the State of New York. The County was responsible for the policies, practice, supervision, implementation, and conduct of all Orange County Sheriff Department and Orange County Jail matters like the payment of bail, and was responsible for the appointment, training, supervision, discipline, retention, and conduct of all Orange County Sheriff Department and Orange County Jail personnel. In addition, at all times here relevant, Defendant County was responsible for enforcing the rules of the Orange County Sheriff Department and Orange County Jail, and for ensuring that the Orange County Sheriff Department and Orange County Jail personnel obey the laws of the United States and the State of New York. The Defendant County has a principle office located at 255 Main Street, Goshen, New York 10918.

8. At all times hereafter mentioned, upon information and belief, the Defendant, the Orange County Sheriff's Department ( or "Sheriff's Department"), is a municipal corporation organized under the laws of the State of New York. The Sheriff's Department was responsible for the policies, practice, supervision, implementation, and conduct of all Sheriff's Department matters including the payment of bail, and was responsible for the appointment, training, supervision,

discipline, retention, and conduct of all Sheriff's Department personnel. In addition, at all times here relevant, the Sheriff's Department was responsible for enforcing and ensuring that its personnel obeyed the laws of the United States and the State of New York. The Sheriff's Department has a principle office located at 110 Wells Farm Road, Goshen, New York 10918.

9. At all times hereafter mentioned, upon information and belief, the Defendant, the Orange County Jail ( or "the Jail"), is a municipal corporation organized under the laws of the State of New York. The Jail was responsible for the policies, practice, supervision, implementation, and conduct of all the Jail's matters including the acceptance of payments for bail, and was responsible for the appointment, training, supervision, discipline, retention, and conduct of all Jail personnel. In addition, at all times here relevant, the Jail was responsible for enforcing and ensuring that its personnel obeyed the laws of the United States and the State of New York. The Jail has a principle office located at 110 Wells Farm Road, Goshen, New York 10918.

10. At all times here mentioned, the Defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York.

## NOTICE OF CLAIM

11. Within 90 days of the incident, the Plaintiff filed written Notice of Claim with the Orange County Clerk and the Supreme Court Clerk. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of. A 50-h hearing was held on March 7, 2019.

## FACTUAL ALLEGATIONS

12. The Plaintiff is a local businessman who has lived in Orange County, New York for over 25 years and whose business and family reside in Orange County, New York. The Plaintiff's

primary source of income are his two small businesses, both of which he must be present to operate, overlook, and maintain each day. The Plaintiff exercises regular scheduled visitations with his young daughter.

13. The Plaintiff in this matter is also the Plaintiff in an ongoing contentious divorce proceeding in the Supreme Court of Orange County, New York.

14. On December 14, 2018, during a custody hearing while the Plaintiff was testifying, the Court asked the Plaintiff to be seated and immediately began to address an application made by the Plaintiff's ex-wife's counsel, Barbara Strauss, Esq. regarding the Plaintiff's alleged unpaid spousal support.

15. The Plaintiff asked for a hearing and made an offer of proof on the non payment issue. The court denied all applications and requests, and the Plaintiff was held in summary contempt of court for non payment of spousal support. Orange County Supreme Court ordered Plaintiff's immediate arrest.

16. A purge amount was set by the Court in the same amount of $25,000.00. Plaintiff was removed from the court room in handcuffs and imprisoned in the Orange County Jail.

17. The Plaintiff was remanded to the Jail pursuant to an official order of commitment issued by the Defendants dated December 14, 2018.

18. The Plaintiff was held in solitary confinement for nearly 24 hours a day, every day from Friday, December 14, 2018 until Wednesday, December 19, 2018.

19. The purge amount ordered for Plaintiff's release was $25,000.00. On December 17, 2019 at 10:30am, the Plaintiff paid $25,000.00, via his credit card, to Barbara Strauss, Esq., to satisfy the purge amount. Barbara Strauss, Esq. issued a Letter of Release to the Court. Barbara Strauss brought the payment confirmation and the release letter to the Sheriff's Department, who refused to

release the Plaintiff.

20. The Sheriff's Department refused to release the Plaintiff, and advised that the release letter had to come from the Court.

21. Although the Plaintiff paid the full Purge amount and Barbara Strauss provided proof of payment to the Court, the Court still refused to sign the release order.

22. On December 19, 2018, at 9:00am, the Plaintiff paid an additional $28,090.26 on his Credit Card to the Sheriff's Department GOVPAY EXP Payment Service in order to -again- directly satisfy the full Purge amount in order to be released.

23. The Sheriff's Department charged the Plaintiff's credit card the full $28,090.26 which included $3,090.26 of fees.

24. Later that same day, the Sheriff's Department arbitrarily changed its position and stated that it can only accept a maximum of $10,000.00 on a credit card; even though it had already charged the Plaintiff's credit card the full $28,090.26.

25. At this point the Plaintiff had paid a total of $53,090.26, yet in jail he remained.

26. The Sheriff's Department then stated that Plaintiff had to pay $25,000.00 in cash at the window of the Jail, if he wanted to be released.

27. By this point, Plaintiff had already spent five (5) days in the Jail.

28. Plaintiff then tried to raise cash from family and friends as he was incarcerated and had no other access to funds.

29. The Plaintiff needed to get out of jail to see his daughter and run his businesses, as they were his only source of income.

30. Later, on December 19, 2018, while the Plaintiff's family and friends were gathering cash funds, the Court advised that an additional payment of $1,639.64 would be required in order for him to be released. That payment was paid to the wife's attorney, Barbara Strauss, Esq. directly. This

additional ordered payment was *ultra vires* to the bail order.

31. Plaintiff was finally released on Wednesday December, 19, 2018, at 8:30pm.

32. At the Time of release, the Plaintiff had paid $25,000.00 Purge to Barbara Strauss by credit card; $1,639.64 Fees to Barbara Strauss in cash, as directed by the Court; and $28,090.26 to the OC GOV Pay by credit card.

33. On December 20, 2018, GOV PAY credited the Plaintiff's credit card for the full amount paid.

34. As a direct and proximate result of the acts of the Defendants, the Plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Eighth Amendment to the United States Constitution to be free from excessive bail;

    b. Violation of his rights pursuant to the Due Process of Law under the Fourteenth Amendment to the United States Constitution;

    c. Violation of his New York State Constitutional rights pursuant to Article 1 §6 to due process;

    d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    e. Loss of liberty.

## THE FIRST CAUSE OF ACTION

35. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

36. The Defendants have deprived the Plaintiff of his civil, constitutional, and statutory rights under color of law, and have conspired to deprive him of such rights and are liable to the

Plaintiff under 42 U.S.C. § 1983.

37. The Defendants' conduct deprived the Plaintiff of his protection from excessive fines and excessive bail, pursuant to the Eighth Amendment of the United States Constitution.

38. In the present case, the bail/purge amount ordered for the Plaintiff's release was $25,000.00. The Defendants charged the full amount of $25,000.00 on the Plaintiff's credit card, confirmed that the transaction was approved, and had the Plaintiff sign the receipt.

39. The Defendants refused to release the Plaintiff after the ordered bail/purge amount was satisfied, in violation of the Plaintiff's procedural and substantive due process rights. The Sheriff's Department arbitrarily capped its credit card limit at $10,000.00 after accepting the Plaintiff's payment, refused to release the Plaintiff, and then reversed the charge on the Plaintiff's credit card that he had already signed for several days later. The Court then added arbitrary and capricious conditions to the bail order after it was paid, making it increasingly difficult for the Plaintiff to satisfy the demands.

40. Upon going to the Court for a release letter after the full Purge amount was paid to the Barbara Strauss, the Court arbitrarily changed the bail terms and advised that there was a fee for using a credit card that must be paid before the Court would release the Plaintiff.

41. The Plaintiff's ex-wife agreed to pay the fee. However, the Court then required that the Plaintiff's credit card charge be cleared before he was allowed to pay the fee, requiring the Plaintiff to wait in the Jail for an additional period.

42. This arbitrary and capricious change in demands resulted in the Plaintiff's unnecessary and lengthy confinement in the Jail.

43. The Plaintiff complied with every demand from the Court, even as they became increasingly arbitrary and expensive.

44. The Plaintiff has been subjected to various *ad hominum* attacks, unlawful imprisonment, and onerous and excessive rulings by the by Defendants.

45. It is respectfully submitted that the Plaintiff's substantive and procedural due process rights were violated by the actions of the Defendants.

46. Defendants then refused to release the Plaintiff for 29 additional hours.

47. As a direct and proximate cause of the Defendant's unlawful action Plaintiff has been damaged due loss of liberty, and other general and special damages.

## THE SECOND CAUSE OF ACTION

48. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

49. The Defendant County's conduct deprived the Plaintiff of his right to due process of law, pursuant to the Eighth and Fourteenth Amendments of the United States Constitution and the New York State Constitution Article 6.

50. The Defendants failed to follow proper protocol when they refused to release the Plaintiff after the ordered purge amount was satisfied, in violation of the Plaintiff's procedural and substantive due process rights. The Sheriff's Department unlawfully added additional terms to the purge requirements of the order of commitment after it had already been satisfied by arbitrarily capping their credit card limit at $10,000.00– only after accepting the Plaintiff's payment, reversed the charge on the Plaintiff's credit card that he had already signed for, and then refused to release the Plaintiff.

51. The Defendant County arbitrarily, capriciously, and repeatedly changed the bail amounts required for the Plaintiff's release, making it increasingly difficult for the Plaintiff to keep up with the County's demands. The Plaintiff complied with every one of the County's demands, and was still illegally imprisoned for five (5) days, in violation of the Plaintiff's state and constitutional right to due process.

52. The County falsely imprisoned the Plaintiff and failed to intervene in the Jail's or the

Sheriff's Department's obviously illegal actions.

53. As a result of the Defendants' combined and individual unlawful actions, the Plaintiff spent approximately 30 additional hours in jail. The Petitioner spent a total of five (5) days in jail as a result of the initial erroneous order by the County, a separate violation from the 2 post bail order issues.

54. Plaintiff was arbitrarily remanded to the Jail until he was able to pay the changing bail/purge amounts.

55. Plaintiff has been damaged as a result of the Defendants deliberate, unlawful, and wrongful acts.

56. By reason of the foregoing, damages should be awarded to the Plaintiff in an amount to be determined at trial, and lawyer fees should be awarded to the Plaintiff.

### THE THIRD CAUSE OF ACTION

57. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

58. The Defendant County is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants, in that, after learning of its employees' violations of the Plaintiff's constitutional rights, it failed to remedy the wrong.

59. The Defendant County has created a policy or custom under which the unconstitutional practices occurred and allowed such policies or customs to continue, and it has been grossly negligent in managing subordinates who caused the unlawful condition or event. This deliberate indifference caused the violation of the Plaintiff's constitutional rights in this case.

60. With a deliberate indifference to Plaintiff's protected constitutional and state rights, the Defendants arbitrarily capped their credit card limit, increased the bail amount an requirements,

and consistently refused to release the Plaintiff for five (5) days from jail.

61. The Defendant County is aware that all of the aforementioned has resulted in violations of the Plaintiff's constitutional rights. Despite such notice, the Defendant County has failed to take any corrective action.

62. The Plaintiff has been damaged as a result of the Defendants' deliberate indifference to the constitutional rights of the Plaintiff.

## THE FOURTH CAUSE OF ACTION

63. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

64. Defendants had a duty to release Plaintiff once the ordered bail amount was satisfied pursuant to State Law, Federal Law, and general contract principles.

65. That duty was breached by the Defendants when they failed to release the Plaintiff after they accepted his payment of $25,000.00.

66. Such breach was the direct and proximate cause of Plaintiff's damages.

67. Such breach negligently inflicted emotional stress upon Plaintiff.

68. The violation of such duty negligently caused Plaintiff to suffer pecuniary laws. Plaintiff has been damaged due to Defendants negligence.

**WHEREFORE**, the Plaintiff demands judgement against the Defendants, jointly and severally, as follows:

a. An order granting general and special damages for Plaintiff's past, present and future emotional and physical pain; loss of enjoyment of life; loss of opportunity; reduced earning capacity; punitive damages against Defendants in an amount to be determined by a properly charged jury;

b.  An order awarding punitive damages arising from the willful violation of Plaintiff's federal rights;

c.  An order granting a monetary award for attorneys fees and costs of this action arising from the all causes of action;

d.  An order awarding Plaintiff pre-judgment interest and post-judgment interest, and

e.  An Order for such other and further relief as this Court may deem just and proper.

Dated: March 11, 2020
       Chester, New York

By: _____
Michael D. Meth
METH LAW OFFICES, P.C.
*Attorneys for Plaintiff*
10 Moffatt Lane, PO Box 560
Chester, NY 10918
(845) 469-9529

## VERIFICATION

STATE OF NEW YORK   )
                                  ) :ss:
COUNTY OF ORANGE    )

      John Sagaria, being duly sworn, says that he is the Plaintiff in the above-named proceeding and that the foregoing complaint is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes it to be true.

                                                              _____
                                                               John Sagaria

Sworn to before me this
11th day of March, 2020

_____
Notary Public

MICHAEL D. METH
Notary Public, State of New York
No. 02ME6006164
Qualified in Orange County
Commission Expires April 27, 20__