UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN SAGARIA,

                          Plaintiff,

    v.

ORANGE COUNTY JAIL, *et al.*,

                          Defendants.

No. 20-CV-2287 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

      On September 24, 2021, the Court granted Defendants' Motion To Dismiss. (*See* Dkt. No. 30.) The Court dismissed Plaintiff's claims without prejudice and gave Plaintiff 30 days to file an amended complaint addressing the deficiencies identified in the Opinion & Order, warning that failure to file an amended complaint could result in dismissal of this case with prejudice. (*See id.*) Plaintiff failed to file an amended complaint. (*See* Dkt.) Accordingly, on January 31, 2022, the Court entered an Order to Show Cause, ordering Plaintiff to show cause by no later than February 14, 2022 as to why Plaintiff's case should not be dismissed for failure to prosecute and warned that failure to show cause could result in dismissal without further notice. (*See* Dkt. No. 33.) To date, Plaintiff has failed to file an amended complaint or show cause as to why his case should not be dismissed. (*See* Dkt.)

      This Court has the authority to dismiss a case for failure to prosecute. *See* FED. R. CIV. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *Id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent

authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is "'a harsh remedy that should be utilized only in extreme situations,'" *Mayanduenas v. Bigelow*, 849 F. App'x 308, 310 (2d Cir. 2021) (summary order) (quoting *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009)). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see also Simmons v. Mason*, No. 17-CV-8886, 2021 WL 1164573, at *2–3 (S.D.N.Y. Mar. 26, 2021) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was first offered the opportunity to file an amended complaint nearly eleven months ago, and was twice warned that failure to file an amended complaint or respond to the Court's orders could result in dismissal. (*See* Dkt. Nos. 30, 33.) Plaintiff has failed to comply with these Orders or communicate with the Court since December 2020. (*See* Dkt.) Accordingly, Plaintiff's case is dismissed with prejudice for failure to prosecute. *See Wood v. Byrd*, No. 16-CV-8142, 2021 WL 4311346, at *2 (S.D.N.Y. Sept. 21, 2021) (dismissing case for failure to

prosecute after the plaintiff failed to comply with three separate orders to file an amended complaint, even after extensions of time); *Herring v. Kiszke*, No. 20-CV-8765, 2021 WL 3887614, at *1–2 (S.D.N.Y. Aug. 31, 2021) (dismissing case for failure to prosecute where "[the] [p]laintiff . . . failed to comply with [the court's orders] and has not communicated with the [c]ourt" in four months); *DeJesus-Vasquez v. Bethencourt*, No. 19-CV-967, 2021 WL 3540553, at *2 (S.D.N.Y. Aug. 10, 2021) (dismissing case for failure to prosecute where the plaintiff "was instructed at least five times that a failure to file an amended complaint or to show cause as to why this case should not be dismissed may result in dismissal," and failed to do so).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:  August 19, 2022
        White Plains, New York

                                                    _____
                                                    KENNETH M. KARAS
                                                    United States District Judge